IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HERBERTH ANTONIO FUENTES,

      Petitioner,

v.                                            No. CIV 10-526 WJ/LFG

RAY TERRY, Otero County Processing Center,

      Respondent.

## ORDER FOR APPOINTMENT OF COUNSEL

### Background

THIS MATTER is before the Court *sua sponte*. Petitioner Herberth Antonio Fuentes ("Fuentes") acting *pro se* brings a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1], alleging that his continued detention by Respondent is unlawful and violates his due process rights. On June 30, 2010, Respondent filed a motion to dismiss [Doc. 8], to which no response was filed.

Fuentes is a native and citizen of El Salvador. In early 2003, he entered the United States illegally. Fuentes was arrested and convicted of Driving While Intoxicated on February 20, 2008. [Doc. 8, Ex. 2.] On November 11, 2009, he was taken into custody by Immigration and Customs Enforcement ("ICE"). [Doc. 8, Ex. 3.] Based on a review of the pleadings and attachments, it does not appear that Fuentes has been convicted of an aggravated felony.

Fuentes is being detained by ICE under 8 U.S.C. § 1226(a) because of his immigration violation (entry without inspection) and the nature of his criminal history. This provision of

detention is permissive in nature, and a detainee may request a custody redetermination before an immigration judge. For example, detainees held under § 1226(a) may request to be released on bond "of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General," or to be released on conditional parole, pending the removal decision. 8 U.S.C. § 1226(a)(2). The immigration judge's decision regarding bond may be appealed to the Bureau of Immigration Affairs ("BIA"). *See* 8 C.F.R. § 1236.1(d)3); 8 C.F.R. § 1003.38(b).

## **Respondent's Motion to Dismiss**

Respondent first argues that Fuentes is not entitled to any relief he seeks under Zadvydas v. Davis, 533 U.S. 678 (2001) because he is not subject to a final removal order. At this stage of the immigration proceedings, the Court agrees with Respondent's position as to relief sought under Zadvydas.

This is true because in Zadvydas, the United States Supreme Court held that it was presumptively reasonable to detain an alien for a period of six months while attempting to remove him from the United States. Zadvydas, 533 U.S. at 701. That six-month period does not begin to run until Fuentes is subject to a final order of removal. *See id.*, at 682, 683, 687.

Under the facts of this case, Fuentes appeared before an immigration judge on a number of dates in 2010. Most of the continuances or delays in immigration proceedings generally were not attributed to Fuentes. Based on a review of some portions of the transcripts of those proceedings, it appears that Fuentes could have requested asylum when he originally entered the United States, but he did not understand that option. After the immigration judge explained the option to him, Fuentes filled out the appropriate application for asylum. On April 22, 2010, the immigration judge entered an adverse written decision as to Fuentes' request for asylum, finding that Fuentes failed to demonstrate eligibility. [Doc. 8, Ex. 5.]

2

In addition, the immigration judge determined that Fuentes was not entitled to withholding of removal under the Immigration and Naturalization Act ("INA"). Ultimately, the immigration judge ordered that Fuentes be removed from the United States to El Salvador. [Doc. 8, Ex. 5, Apr. 22, 2010 Removal Order.]

On May 5, 2010, Fuentes appealed the immigration judge's decision to the BIA. As of June 30, 2010 (date Respondent's motion to dismiss was filed), that appeal is still pending. [Doc. 8, Ex. 6.] Because of the status of his pending appeal, Fuentes is not yet subject to a final order of removal. Therefore, the six-month period, as described as presumptively reasonable in Zadvydas, has not started to run.

Even though the holding in Zadvydas does not pertain to the factual scenario at issue here, there could be questions as to whether Fuentes' period of pre-final order removal is reasonable. *See, e.g.,* Rodrigques v. Holder, 2010 WL 830929, at *5 (M.D. Pa. Mar. 4, 2010) (unpublished) (discussing a series of considerations the court might address in determining whether a period of detention is reasonable in pre-final order of removal cases); Prince v. Mukasey, 593 F. Supp. 2d 727, 734-35 (M.D. Pa. Dec. 11, 2008) (noting that "the case law review . . . reveals that many courts either have determined or are moving in the direction of finding that detention of pre-final order removal detainees for a lengthy period may raise constitutional concerns"). *See also* Donaldson v. Donate, 2009 WL 5179539, at *3 (M.D. Pa. Dec. 31, 2009) (unpublished) (noting growing consensus throughout federal courts that prolonged detention of aliens under § 1226(c) raises constitutional concerns, and listing cases).

In addition, Respondent asserts that Fuentes did not exhaust his administrative remedies before filing this habeas petition by requesting bond or review of custody. Fuentes admits that he did not request a bond or custody determination, nor has he appealed any such a determination to

the BIA. Thus, in accordance with Garza v. Davis, 596 F.3d 1198, 1203 (10*[th] Cir. 2010), Respondent argues the petition must be dismissed without prejudice.

In Garza, a factually distinguishable case, the Tenth Circuit Court of Appeals held that exhaustion of available administrative remedies generally is a prerequisite for § 2241 habeas relief, notwithstanding that the statute itself omits any such requirement. In Garza, the Tenth Circuit also noted that there are narrow exceptions to the exhaustion requirement that may apply in certain circumstances. Id. In Gonzalez v. O'Connell, 355 F.3d 1010, 1016 (7th Cir. 2004), the district court questioned whether exhaustion requirements of the INA cover challenges to preliminary custody or bond determinations, which the court noted were distinct from challenges to final orders of removal (*citing* 8 U.S.C. § 1242(d)(1)). *See also* Guevara-Moreno v. Chertoff, 2009 WL 1407518, at *3 (D. Arizona, May 20, 2009) (unpublished) (respondents conceded that statutory exhaustion requirement under 8 U.S.C. 8 U.S.C. § 1252(d)(1) applied to judicial review of removal orders, but not to the review of detention orders).[1]

Because of the complexity and developing nature of this body of law, the Court elects to appoint counsel in this case. A court may appoint counsel in habeas matters, including under 28 U.S.C. § 2241, if the interests of justice so require. *See* Snyder v. Ortiz, 236 F. App'x 465, 467, 2007 WL 1678009 (10th Cir. June 12, 2007) (unpublished) (*citing* 18 U.S.C. § 3006A(a)(2)(B)). The Court concludes that additional briefing by appointed counsel would be helpful on both issues

---

[1] In Guevara, the federal district court also observed prior rulings in the District of Arizona where the court held that § 1226(a), the INA provision at issue in this case, "'must be construed as *requiring* the Attorney General to provide the alien' with a bond hearing." Id. at *2 (emphasis in original) (internal citation omitted). "An alien detained under these circumstances is 'entitled to release on bond unless the government establishes that he is a flight risk or will be a danger to the community.'" Id. (*citing* Cooper v. Oklahoma, 517 U.S. 348, 363 (1996)). Thus, there may be an additional question in § 1226(a) detention cases, regarding which party is obligated to initiate bond proceedings.

of whether the pre-removal order detention is reasonable, and whether the Court lacks jurisdiction because of Fuentes' failure to exhaust administrative remedies.

In sum, the Court determines that the interests of justice warrant appointment of counsel in this case, even though there generally is no constitutional right to counsel beyond the direct appeal of a criminal conviction. Coronado v. Ward, 517 F.3d 1212, 1218 (10th Cir.), *cert. denied*, 129 S.Ct. 134 (2008). Moreover, appointment of counsel in habeas proceedings is left to the court's discretion. Pride v. Herrera, 28 F. App'x 891, 895, 2001 WL 1545768 (10th Cir. Dec. 5, 2001) (unpublished); Swazo v. Wyoming Dep't of Corr. State Penitentiary Warden, 23 F.3d 332, 333 (10th Cir. 1994).

IT IS THEREFORE ORDERED that counsel be appointed in this case, at which point counsel will be allowed thirty (30) days to supplement the pertinent pleadings or file a response to the motion to dismiss that addresses issues raised in this Order.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge